UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SMART PHARMACY, INC., et al., | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) No. 4:22-mc-00663-AGF |
| | ) |
| ALYSSA BILLINGSLEY, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioners' motion for contempt, which asks the Court to hold Respondent Alyssa Billingsley in civil contempt, pursuant to Federal Rule of Civil Procedure 45(g), for failing to comply with a subpoena to attend and testify at a deposition on July 18, 2022 in St. Louis, Missouri, where Billingsley resides, and for the production of documents.[1] The motion further asks that the Court order Billingsley to appear for her deposition, and award Petitioners reasonable attorneys' fees and costs related to efforts to ensure Billingsley's compliance with the subpoena, including costs incurred in filing the instant motion.

In their motion, Petitioners state that Billingsley evaded service of process of the subpoena for almost five weeks, from May 24, 2022 until June 29, 2022; that Petitioners finally served Billingsley with the subpoena on June 29, 2022 by leaving a copy of the subpoena with Billingsley's spouse, with whom she resides, at Billingsley's residence while Billingsley was present at that residence; that the Government on July 14, 2022 moved for a protective order to

---

[1] The deposition is to be taken in connection with a False Claims Act lawsuit filed by the Government against Petitioners in the United States District Court for the Middle District of Florida, captioned *United States ex rel. Kohli v. Smart Pharmacy, Inc.*, Case No. 3:14-cv-01453-BJD-JBT (M.D. Fla.).  Respondent is not a party to that lawsuit.

cancel the deposition of Billingsley; that the following day, Friday, July 15, 2022, the judge in the underlying case denied the Government's motion and allowed the deposition go forward as scheduled for the next business day, Monday, July 18, 2022; and that on Friday, July 15, 2022, counsel representing Billingsley informed Petitioners' counsel by voicemail that Billingsley would not appear at the deposition due to "improper service." According to Petitioners, Billingsley never moved to quash or sought other court-ordered relief with respect to the subpoena.

Petitioners' counsel states that he returned Billingsley's attorney's call, advised the attorney of the court order allowing the deposition to go forward on the scheduled date, and advised the attorney that Petitioners would be filing a motion for contempt should Billingsley fail to appear for the scheduled deposition. Petitioners state that, during that telephone call, counsel "were unable to reach an accord." *See* ECF No. 1 at 14. Petitioners' counsel followed the call with an email to Billingsley's counsel on the evening of Friday, July 15, 2022, again stating that if Billingsley did not appear at the deposition the following Monday, Petitioners would file a motion for contempt and seek their fees and costs. *See* ECF No. 1-9.

Petitioners' counsel thereafter made a record of Billingsley's non-appearance at the July 18, 2022 deposition, and filed the instant motion on July 27, 2022.

## DISCUSSION

Rule 45 of the Federal Rules of Civil Procedure allows a party to serve a subpoena for the production of documents upon a nonparty. Fed. R. Civ. P. 45. Rule 45(b)(1) requires that service be made by "delivering a copy" of the subpoena to the person. Fed. R. Civ. P. 45(b)(1). "When a non-party is served, the method of service needs to be one that will ensure the subpoena is placed in the actual possession or control of the person to be served." *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000). "Although this interpretation of Rule 45(b)(1) may allow service by other than personal delivery, it is not broad enough to

include either fax or regular mail because the court cannot be assured that delivery has occurred." *Id.*; *but see Doe v. Hersemann* 155 F.R.D. 630, 630 (N.D. Ind. 1994) (cited with approval by the Eighth Circuit and allowing service by certified mail).

A person who has been served but fails to comply with the subpoena or an order related to the subpoena "without adequate excuse" may be held in contempt by the court for the district where compliance is required. Fed. R. Civ. P. 45(g). "[T]he proper means of seeking relief under Rule 45(g) is by making a motion for an Order to Show Cause." *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 8:19CV75, 2019 WL 1569827, at *1 (D. Neb. Apr. 11, 2019) (quoting *United States v. R.J. Zavoral & Sons, Inc.*, No. 12-cv-668, 2014 WL 12756820, at *5. (D. Minn. Jan. 17, 2014)). "Although there are no specific procedural steps to follow in civil contempt proceedings, due process requires that the appellant be given the opportunity to be heard 'at a meaningful time and in a meaningful manner." *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1343 (8th Cir. 1975)

On the current record, the Court concludes that the best course of action is to order Billingsley to show cause why the relief requested by Petitioners should not be granted. Because Billingsley appears to be represented by counsel, the Court will provide Billingsley with an opportunity to provide a written response to this Order to Show Cause, rather than requiring her to appear in court.

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **September 2, 2022**, Respondent shall show cause in writing as to why the relief requested in Petitioners' motion for contempt (ECF No. 1) should not be granted. Petitioners shall have **10 days** thereafter to file any reply. Respondent's failure to comply with this Order may result in Respondent being held in contempt, Respondent

being ordered to attend a deposition and produce all documents as requested in the subpoena, and/or other sanctions as the Court deems appropriate.

**IT IS FURTHER ORDERED** that Petitioners shall serve a copy of their motion for contempt and this Order to Show Cause upon Respondent via certified mail, return receipt requested. Petitioners shall thereafter file a certificate of service demonstrating compliance with this Order and identifying the name and address to which the Order was sent, as well as the date that the Order was mailed. Petitioners are further directed to provide a copy of their motion for contempt and this Order to Show Cause to Respondent's counsel.

                                                                         _____
                                                                         AUDREY G. FLEISSIG
                                                                         UNITED STATES DISTRICT JUDGE

Dated this 16th day of August, 2022.