UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SMART PHARMACY, INC., et al., | ) |
| Petitioners, | ) |
| v. | ) No. 4:22-mc-00663-AGF |
| ALYSSA BILLINGSLEY, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioners' motion for contempt, which asks the Court to hold Respondent Alyssa Billingsley in civil contempt, pursuant to Federal Rule of Civil Procedure 45(g), for failing to comply with a subpoena to attend and testify at a deposition on July 18, 2022 in St. Louis, Missouri, where Billingsley resides.[1] The motion further asks that the Court order Billingsley to appear for her deposition and that the Court award Petitioners reasonable attorneys' fees and costs related to efforts to ensure Billingsley's compliance with the subpoena, including fees and costs incurred in filing the instant motion.

In their motion, Petitioners state that Billingsley evaded service of the subpoena for almost five weeks, from May 24, 2022 until June 29, 2022; that Petitioners finally served Billingsley with the subpoena on June 29, 2022 by leaving a copy of the subpoena with Billingsley's spouse, with whom she resides, at Billingsley's residence while Billingsley was present at that residence; that the Government on July 14, 2022 moved for a protective order to cancel the deposition of Billingsley;

---

[1] The deposition is to be taken in connection with a False Claims Act lawsuit filed by the Government against Petitioners in the United States District Court for the Middle District of Florida, captioned *United States ex rel. Kohli v. Smart Pharmacy, Inc.*, Case No. 3:14-cv-01453-BJD-JBT (M.D. Fla.). Billingsley is not a party to that lawsuit.

that the following day, Friday, July 15, 2022, the judge in the underlying case denied the Government's motion and allowed the deposition go forward as scheduled for the next business day, Monday, July 18, 2022; and that on Friday, July 15, 2022, counsel representing Billingsley informed Petitioners' counsel by voicemail that Billingsley would not appear at the deposition due to "improper service." According to Petitioners, Billingsley never moved to quash or sought other court-ordered relief with respect to the subpoena.

Petitioners' counsel states that he returned Billingsley's attorney's call, advised the attorney of the court order allowing the deposition to go forward on the scheduled date, and advised the attorney that Petitioners would be filing a motion for contempt should Billingsley fail to appear for the scheduled deposition. Petitioners state that, during that telephone call, counsel "were unable to reach an accord." *See* ECF No. 1 at 14. Petitioners' counsel followed the call with an email to Billingsley's counsel on the evening of Friday, July 15, 2022, again stating that if Billingsley did not appear at the deposition the following Monday, Petitioners would file a motion for contempt and seek their fees and costs. *See* ECF No. 1-9.

Petitioners' counsel thereafter made a record of Billingsley's non-appearance at the July 18, 2022 deposition, and filed the instant motion on July 27, 2022. On August 16, 2022, the Court ordered Billingsley to show cause in writing why the Petitioners' motion for contempt should not be granted. *See* ECF No. 3.

Billingsley responded, through counsel, on September 2, 2022. She argues that Petitioners have failed to meet the requirements of Rule 45 by failing to provide her with the necessary witness fee. Specifically, Billingsley cites evidence indicating that Petitioners tendered only $25, rather than the statutorily-required $40 fee plus mileage. Billingsley further argues that Petitioners failed to properly serve the subpoena by tossing the documents at the threshold of the garage where Billingsley was not present. Billingsley therefore asks that the Court deny Petitioners' motion and

also award Billingsley her costs and attorneys' fees incurred in responding to Petitioners' motion. Petitioners have filed a reply briefly stating that they stand on the arguments asserted in their motion.

## DISCUSSION

Rule 45 of the Federal Rules of Civil Procedure allows a party to serve a subpoena for the production of documents upon a nonparty. Fed. R. Civ. P. 45. Under Rule 45(b)(1), "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). "A deposition witness is entitled to a statutory fee of forty dollars and a reasonable mileage allowance based on his mode and distance of transportation." *In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003) (citing 28 U.S.C. § 1821(b)-(c)).

The Eighth Circuit has not considered whether the failure to tender the required witness fees and mileage invalidates a subpoena under Rule 45. However, federal courts that have considered the issue and the leading treatises on civil procedure uniformly agree that "[t]he plain meaning of Rule 45(b)(1) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena," and that failure to tender fees in the required amount means that the "subpoena was not properly served." *See In re Dennis*, 330 F.3d at 705 (cleaned up and citations omitted); *see also Kador v. City of New Roads*, No. CIV.A. 07-682-D-M2, 2010 WL 3418265, at *1 (M.D. La. Aug. 26, 2010) (collecting cases for this proposition); 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2454 (3d ed.) ("Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena.").

Petitioners have not disputed that they failed to tender the proper witness fee or mileage for Billingsley's attendance at the deposition at the time they attempted to serve her with the subpoena. As such, there is no legal basis for holding Billingsley in contempt, enforcing the subpoena, or

awarding Petitioners' attorneys' fees. *See, e.g.*, *Kador*, 2010 WL 3418265, at *1 (holding the same). The Court will thus deny Petitioners' motion without reaching the parties' other arguments. However, the Court will not award Billingsley her attorneys' fees or costs.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioners' motion for contempt is **DENIED**. ECF No. 1.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2022.

-4-